IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shavell Johnson,                                                    Case No. 3:14CV02008

      Plaintiff

      v.                                                            **ORDER**

P. Martin Aubry, et al.,

      Defendants

Shavell Johnson brought this action against defendants Perrysburg Township (the "Township"), Dustin Glass, a patrolman for the Township, the City of Perrysburg (the "City"), and P. Martin Aubry, the City's prosecutor. Johnson alleges the defendants violated his constitutional rights after an appellate court vacated his conviction for violating a protection order in Perrysburg Municipal Court after he already served a term of imprisonment.

Pending is Johnson's motion for reconsideration (Doc. 25). For the reasons stated below, I agree that I no longer have jurisdiction over this case. Accordingly, I overrule Johnson's motion for reconsideration.

**Background**

Plaintiff Johnson filed a complaint against the defendants alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights, malicious prosecution, and abuse of process. (Doc. 1).

On February 25, 2015, Johnson moved to voluntarily dismiss his complaint against both the City and Aubry with prejudice. (Doc. 21). All three parties stipulated to dismissal with prejudice and I granted the motion. (Doc. 23).

On March 30, 2015, Johnson's attorney moved to dismiss his claims against the Township and Glass without prejudice and to withdraw as Johnson's counsel. I granted both motions. (Doc. 24).

On May 5, 2015, Johnson, proceeding *pro se*, moved for reconsideration of his claims against all four defendants. (Doc. 25).

**Discussion**

**I.  Defendants City of Perrysburg and Aubry**

A plaintiff who voluntarily dismisses his or her complaint with prejudice under Fed. R. Civ. P. 41 cannot move for reconsideration because "a voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001). The Sixth Circuit declared that if the plaintiff's "dismissal of [the defendant] with prejudice was indeed voluntary, then the dismissal is final under Rule 41(a)(1)(i) and the case is over." *Id.*

Johnson voluntarily dismissed his complaint against both the City and Aubrey with prejudice. (Doc. 23). Johnson cannot now move for reconsideration because his case against the City and Aubry is over. Accordingly, I overrule his motion to reconsider as to defendants the City and Aubry.

## II. Defendants Perrysburg Township and Glass

Similarly, a plaintiff who voluntarily dismisses his or her complaint *without* prejudice under F.R.C.P. 41 cannot bring a motion for reconsideration because the court that dismissed the complaint no longer has jurisdiction over the case. *Ganley v. Mazda Motor of Am., Inc.*, 367 Fed. App'x 616, 623 (6th Cir. 2010) (citing *Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008)).

Once the court grants the plaintiff's voluntary dismissal, it cannot issue any subsequent orders or rule on the merits of the case because it no longer has jurisdiction. *Ganley*, *supra*, 367 Fed. App'x at 623 (citing *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)). When a case is voluntarily dismissed without prejudice, the court will only have jurisdiction over the case again if the plaintiff re-files the complaint.

Johnson voluntarily dismissed his complaint under F.R.C.P. 41, and, as a result, I no longer have jurisdiction over the case. (Doc. 24). Without jurisdiction, I cannot rule on any other motions. Accordingly, I overrule Johnson's motion for reconsideration as to the Township and Glass.

3

4

Since Johnson's motion for reconsideration is denied for the above reasons, it is not necessary to consider whether the motion was also untimely under F.R.C.P. 59(e) or improper under F.R.C.P. 60(b).

It is, accordingly,

ORDERED THAT: Plaintiff's motion for reconsideration (Doc. 25) is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

4